**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SHAN L. HARDY                                                                                           **PLAINTIFF**

VS.                                                            CIVIL ACTION NO.: 3:07-CV-700 HTW-LRA

PARKTOWNE APARTMENTS, LP
and TRITOWNE, LLC                                                                                **DEFENDANTS**

### ORDER

Before the court is the motion of the plaintiff Shan L. Hardy to dismiss the above styled and numbered cause without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure [**Docket No. 4**]. Federal Rule of Civil Procedure 41(a)(2) provides in relevant part that, "[a]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper ... . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Defendant Tritowne, LLC ("Tritowne") opposes the motion. This court finds Tritowne's position persuasive.

### BACKGROUND

The instant case involves a "slip and fall" accident at the Parktowne Apartments in Jackson, Mississippi. Plaintiff filed his initial complaint on August 2, 2007, in the Circuit Court for the First Judicial District of Hinds County, Mississippi, asserting that the plaintiff was injured due to a hazardous condition known to, and not repaired by, the defendant Parktowne Apartments, LP. The plaintiff later amended the state court complaint on August 30, 2007, adding that this incident occurred on January 2, 2006,

1

and that the defendant Parktowne Apartments, a Mississippi corporation, was served with process on August 3, 2007. The amended state court complaint also added an additional party defendant, Tritowne, LLC, a Delaware corporation which has its principal place of business in California.

On August 31, 2007, while the case was yet in state court, the plaintiff filed a notice of dismissal relative to the defendant Parktowne Apartments. This pleading stated that since this defendant had not answered the complaint nor filed a dispositive motion, the plaintiff, by operation of Rule 41(a)(1)(I)[1] of the Mississippi Rules of Civil procedure, could dismiss this defendant without Order of the court. Once Parktowne Apartments was dismissed, diversity of citizenship existed between the plaintiff, a Mississippi citizen, and the defendant Tritowne, LLC. [2]

On October 4, 2007, again when this action was still in state court, Tritowne, LLC, submitted Requests for Admission to plaintiff, which the plaintiff was slow to answer. One request questioned the plaintiff's intention to claim damages in excess of $75,000.00, exclusive of costs and interest. Neither the plaintiff's initial state court

---

[1] Rule 41(a)(1)(I) of the Mississippi Rules of Civil Procedure permits a plaintiff to stipulate that, "[s]ubject to the provisions of Rule 66, or of any statute of the State of Mississippi, and upon the payment of all costs, an action may be dismissed by the plaintiff without order of court: (I) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; ..."

[2] The defendant Parktowne Apartments, LP, was dismissed by stipulation in state court. Nevertheless, review of Tritowne's Notice of Removal reveals that the defendant Parktowne Apartments was included as a party defendant on removal to this court, giving the appearance that diversity was not complete. This matter was rectified in this court by the Clerk on April 22, 2008, when Parktowne Apartments was terminated as a party in the instant case. The only parties currently before the court are the plaintiff Shan L. Hardy and the defendant TriTowne, LLC.

complaint, nor his amended state court complaint contains an *ad damnum* clause. The plaintiff sought additional time to respond.

On November 21, 2007, the plaintiff submitted a letter to the state court judge explaining that his response to Tritowne's Request for Admissions would lead Tritowne to believe that the plaintiff's claim was actually for some amount in excess of $75,000.00. The plaintiff added that he did not want to litigate this matter in federal court, a situation which might occur if defendant Tritowne were to seek removal of the action from state court to federal court pursuant to Title 28 U.S.C. § 1332[3], which requires diversity of citizenship between the parties and a sum in controversy in excess of $75,000.00, exclusive of costs and interest.

Defendant Tritowne did just that, since it regarded the plaintiff's responses as inconclusive on the matter of whether the amount of damages sought would exceed $75,000.00. Indeed, on November 29, 2007, Tritowne removed this case to federal court under Title 28 U.S.C. § 1332, asserting diversity of citizenship and the presence of the requisite amount in controversy.

The plaintiff did not ask this court to remand the case to state court in accordance with Title 28 U.S.C. § 1447(c). This section provides in pertinent part that, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal ... ." The plaintiff, instead, filed the aforesaid motion to dismiss under Rule 41(a)(2),

---

[3]Title 28 U.S.C. § 1332 provides in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States; ...

3

but not until February 28, 2008, almost three months after this case had been removed to this court.

The plaintiff's motion to dismiss the instant case without prejudice is based on a motion he made in state court to add John Doe defendants to the state court complaint Plaintiff says that he submitted his motion to the state court on November 14, 2007, and that he submitted a letter to the state court judge on November 21, 2007, trying to explain his reasons for not immediately responding to the Request for Admission regarding whether the amount of damages he sought would exceed $75,000.00. Now, inasmuch as the case has been removed to federal court by Tritowne, and inasmuch as the plaintiff has no desire to litigate the case in federal court, the plaintiff asks that this case be dismissed without prejudice so that it may proceed once again in state court, even if filing a new complaint in state court is required.

On February 29, 2008, the defendant Tritowne, LLC, responded to the motion to dismiss, asserting that the motion was nothing more than a maneuver seeking remand of this case to state court out of time, and an attempt to defeat federal jurisdiction. Tritowne noted that, after dismissing Parktowne Apartments, LP as a defendant in the state court case, the plaintiff never undertook to add any other specific defendant. Instead, on November 12, 2007, prior to removal to this court, the plaintiff moved to add John Doe defendants, defendants which would have to be disregarded anyway on removal of the case to this court. For the purposes of determining diversity, the courts disregard fictitious defendants. *See Murphy v. Amsouth Bank*, 269 F.Supp.2d 749,

4

(S.D. Miss. 2003).[4]  Tritowne submits that the plaintiff will not be prejudiced if the dismissal is denied.  Meanwhile, Tritowne says it already has incurred considerable costs in responding to the complaints, propounding discovery, causing the case to be removed to this court, and in making disclosures.

On April 8, 2008, while the plaintiff's motion to dismiss was pending, the plaintiff filed a motion to amend his complaint in federal court in order to assert a claim against a non-diverse party [**Docket No. 11**], namely the manager of Parktowne Apartments, one Phyllis Johnson.  Plaintiff contends that she should face this lawsuit because she failed to inspect and repair a defective condition which caused the mishap.

On April 14, 2008, Tritowne responded to the plaintiff's motion to amend, referring to it as another attempt to circumvent the 30 day requirement of Title 28 U.S.C. § 1447(c) and to defeat federal jurisdiction.  Tritowne asserted that the plaintiff was not diligent in prosecuting a claim against either the manager of Parktowne Apartments or any other resident, non-diverse defendant in state court, and now simply seeks to find some way to return to the state court with this court's approval.  On May 12, 2008, the plaintiff filed his motion to remand.  The motion argues that the requisite amount in controversy is not present.

**LAW**

A motion for voluntary dismissal under Rule 41(a)(2) allows this court, to dismiss an action "upon such terms and conditions as the court deems proper."  Therefore, before granting a dismissal under Rule 41(a)(2), this court must consider the plaintiff's

---

[4]Title 28 U.S.C. § 1441(a) states in part that: "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."

arguments for dismissal. *See Harden v. Field Memorial Community Hospital,* 265 Fed. Appx. 405, 407 (5th Cir. 2008). Additionally, this court will consider the legal prejudice to the defendant, if any, when deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). *Durham v. Florida East Coast Railway Company*, 385 F.2d 366 (5th Cir. 1967).

Courts have broad discretion to grant Rule 41(a)(2) motions, subject to review on appeal for abuse of discretion. *See Phillips v. Illinois Central Gulf R.R.*, 874 F.2d 984, 986 (5th Cir. 1989). Absent a showing that the defendant will suffer clear legal prejudice, courts generally grant such motions to dismiss without prejudice. *Id*. Any harm to the defendant must be, "greater than the mere prospect of a second lawsuit." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Serv., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990), citing 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2364 (1971 & Supp.1990). In assessing prejudice, courts must examine the stage of the litigation at which the motion is made. *Id*.

What the plaintiff asks of this court is not totally without precedent. *See O'Reilly v. R.W. Harmon & Sons, Inc.*, 124 F.R.D. 639 (W.D. Mo. 1989) (allowing dismissal as an alternative to § 1447(e)[5] amendment and remand); *Grivas v. Parmelee Transportation*, 207 F.2d 334 (7th Cir. 1953), *cert. denied*, 347 U.S. 913, 74 S.Ct. 477, 98 L.Ed. 1069 (1954) (allowing the possibility of voluntary dismissal of a pre- § 1447(e)

---

[5]Title 28 U.S.C. § 1447(e) provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

6

action in which the plaintiff discovered after removal a possible claim against a non-diverse person). These decisions involved plaintiffs who sought not only dismissal, but also, alternatively, to add a party defendant that was non-diverse and whose presence in the case would destroy complete diversity and, thereby, subject matter jurisdiction as well. *See Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677 (5th Cir. 1999) (Title 28 U.S.C. § 1447 requires remand of a removed case if non-diverse parties are joined post- removal, even when the newly joined defendants are not indispensable).

## **HOLDING**

Plaintiff could have, but did not, seek to amend his complaint in state court to add non-diverse defendants. Plaintiff could have, but did not, structure his response to defendant's Request for Admissions to show that he was not seeking a sum in excess of $75,000.00, exclusive of costs and interest. Plaintiff could have, but did not, file a timely motion to remand upon the grounds he now asserts. Plaintiff, though, has made it abundantly clear that he is willing to rely upon any legal theory to be released from federal court. Meanwhile, the defendant has incurred costs and expenses in response to plaintiff's stratagems.

This court, which has an unflagging obligation to open its portals to lawsuits predicated upon appropriate subject matter jurisdiction, has no sympathy for such a plaintiff. *Exxon Mobil Corporation v. Allapattah Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) (Congress has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. . . . To ensure that

diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000).   Moreover, plaintiff's resort to the motion maneuvering herein undermines the integrity of plaintiff's pleadings, causing this court to doubt plaintiff's intent in pursuing a claim against a non-diverse defendant and plaintiff's challenge to this court's minimum jurisdictional amount.  The general rule is that post-removal events do not deprive federal courts of the subject-matter jurisdiction they acquire on removal. *See, Powerex Corporation v. Reliant Energy Services, Inc.,* ___ U.S. ___, 127 S.Ct. 2411, 2417, 168 L.Ed.2d 112 (2007).

Accordingly, this court hereby denies plaintiff's motion to dismiss [**Docket No. 4**], the plaintiff's motion to amend his complaint [**Docket No. 11**], and plaintiff's motion to remand [**Docket No. 27**].  The plaintiff's amended motion to amend his complaint [**Docket No. 18**] also is denied.  Finally, Tritowne's motion to strike certain of the plaintiff's pleadings [**Docket No. 22**] is terminated as moot.

**SO ORDERED** this the 19th day of September, 2008.

**s/ HENRY T. WINGATE**
_____
**CHIEF UNITED STATES DISTRICT JUDGE**

CIVIL ACTION NO. 3:07cv700-HTW-LRA
Order